1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HANCOCK,

        Plaintiff,                No. CIV S-09-0065 DAD P

   vs.

ANDREW POMAZAL, et al.,

        Defendants.      <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  On June 19, 2009, defendants moved to dismiss this action, arguing that it is barred by the doctrine of res judicata.  Plaintiff has filed an opposition to that motion.  Defendants have not filed a reply.  The parties in this action have previously consented to Magistrate Judge jurisdiction for all purposes.  <u>See</u> 28 U.S.C. § 636(c).

**BACKGROUND**

       Plaintiff is proceeding on his original complaint against defendant physicians Pomazal, Starcevich, and Wong.  Therein, plaintiff alleges as follows.  On January 26, 2005, defendant Dr. Pomazal attempted several neck adjustments on plaintiff and cracked his neck multiple times, resulting in plaintiff's need for surgery and subsequent permanent mobility problems.  A Dr. Rowe informed defendant Starcevich that plaintiff would need neck surgery as

1

1  soon as possible.  Nevertheless, defendant Dr. Starcevich as well as defendant Dr. Wong on

2  separate occasions recommended that plaintiff be re-housed with the general population inside a

3  large gymnasium.  In plaintiff's view, these housing recommendations resulted in further injury

4  to his neck.  Plaintiff notes that he ultimately underwent surgery on July 6, 2005, but claims that

5  he suffers from permanent mobility loss in the neck area, permanent nerve damage to his hand,

6  and chronic pain.  (Compl. at 7-11 & Exs.)

7          Plaintiff alleges that the named defendants failed to provide him with adequate

8  medical care in violation of his rights under the Eighth Amendment.  In terms of relief, plaintiff

9  requests compensatory and punitive damages.  (Compl. at 10-14 & 17.)

10                          **DEFENDANTS' MOTION TO DISMISS**

11  I. <u>Defendants' Motion</u>

12          Counsel for defendants argues that the court should dismiss this action as barred

13  by the doctrine of res judicata.  Specifically, defense counsel argues that plaintiff previously filed

14  two lawsuits against these same defendants asserting identical claims as those presented in this

15  action.  In each of plaintiff's previous lawsuits, defense counsel contends, the assigned magistrate

16  judge recommended dismissing plaintiff's complaint for failure to state a cognizable claim.

17  Defense counsel state that in both those prior cases, plaintiff filed a request for voluntary

18  dismissal while the magistrate judge's findings and recommendations were pending.  In this

19  regard, defense counsel notes that on May 18, 2006, the court closed Case No. CIV S-05-1842

20  LKK PAN pursuant to plaintiff's request and that on July 5, 2007, the court closed Case No. CIV

21  S-06-2724 GEB EFB also pursuant to plaintiff's request.  (Defs.' Mot. to Dismiss at 4 & Exs. A-

22  B, E-H.)

23          Defense counsel argues that Rule 41 of the Federal Rules of Civil Procedure

24  allows a plaintiff to voluntarily dismiss his complaint by filing a notice of dismissal before the

25  opposing party files a responsive pleading.  Under Rule 41, however, a plaintiff may re-file the

26  same claims following a voluntary dismissal only once before prejudice attaches to that action.

A second request for voluntary dismissal acts as an adjudication on the merits.  Defendants contend that a plaintiff is barred from re-filing his same claims a third time under the doctrine of res judicata.  (Defs.' Mot. to Dismiss at 5.)

Defense counsel argues that plaintiff's second request for voluntary dismissal in Case No. CIV S-06-2724 GEB EFB operates as a final adjudication on the merits of his claims against defendants Pomazal, Starcevich, and Wong.  In counsel's view, plaintiff's allegations in Case No. CIV S-06-2724 GEB EFB were the same as those alleged in his first complaint filed with this court and, once more, plaintiff is attempting to present the same claims in this action. Accordingly, defense counsel concludes that this action is barred by the doctrine of res judicata. (Defs.' Mot. to Dismiss at 5 & Exs. C-D.)

II.  Plaintiff's Opposition

In his opposition to defendants' motion, plaintiff argues that he voluntarily dismissed his two previous lawsuits under extraordinary circumstances.  In this regard, plaintiff contends that prison officials have assigned him twenty-four different bed locations since his initial injury and have changed his medication shortly after each of his transfers between institutions.  Finally, plaintiff notes that his medical conditions have worsened over time.  Under these circumstances, plaintiff concludes that the court should "forgive him" for violating the doctrine of res judicata.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-4 & Exs. 1-24.)

**ANALYSIS**

I.  Plaintiff's Previously-Filed Actions

Plaintiff previously filed two lawsuits against defendants Pomazal, Starcevich, and Wong asserting the same allegations and claims as he attempts to present in the instant action.  See Case No. CIV S-05-1842 LKK PAN & Case No. CIV S-06-2724 GEB EFB.[1]  In Case No. CIV S-05-1842 LKK PAN, the court dismissed plaintiff's original complaint with leave

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    to amend.  Plaintiff filed an amended complaint, and the court ordered service of the amended

2    complaint on defendants Starcevich and Wong.  At the same time, the court issued findings and

3    recommendations, recommending dismissal of the complaint against defendant Pomazal, a Dr.

4    Sandham, the warden of California Correctional Center, and the director of the California

5    Department of Corrections and Rehabilitation for failure to state a cognizable claim.  Shortly

6    after those findings and recommendations were issued, plaintiff filed a request for a voluntary

7    dismissal form.  The court informed plaintiff that no particular form was necessary to voluntarily

8    dismiss an action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and ordered

9    plaintiff to notify the court as to how he wished to proceed within fifteen days.  In accordance

10   with the court's order, plaintiff filed a request for voluntary dismissal of that action pursuant to

11   Rule 41(a).  On May 18, 2006, the court granted plaintiff's request and dismissed the action.  See

12   Case No. CIV S-05-1842 LKK PAN (Doc. Nos. 9-14.)

13            In Case No. CIV S-06-2724 GEB EFB, the court found that plaintiff's original

14   complaint appeared to state a cognizable claim for relief against defendants Starcevich and

15   Wong.  However, the court also found that the complaint did not state a cognizable claim against

16   defendant Pomazal, a Dr. Richard Sandham, and defendant Dr. Starcevich in his supervisory

17   capacity.  The court informed plaintiff that he could proceed with service of defendants

18   Starcevich and Wong or he could delay service and attempt to correct the deficiencies in his

19   complaint.  In response to the court's order, plaintiff filed an amended complaint.  The court

20   reviewed the amended complaint and issued findings and recommendations, recommending

21   dismissal of the action for failure to state a cognizable claim for relief.  The court noted that it

22   had previously found that plaintiff's complaint appeared to state a cognizable claim for relief

23   against defendants Wong and Starcevich, but the court explained that plaintiff's amended

24   complaint undermined that previous determination.  While those findings and recommendations

25   were pending, plaintiff again filed a notice of dismissal.  On July 5, 2007, the Clerk of the

26   Court's Office closed the case, apparently in response to plaintiff's request,  without any order

                                                    4

from the court.  <u>See</u> Case No. CIV S-06-2724 GEB EFB (Doc. Nos. 8 & 11-14.)

II.  <u>Discussion</u>

   Federal Rule of Civil Procedure 41(a) provides:

   (a)  Voluntary Dismissal.

     (1)  By the Plaintiff.

       (A)  Without a Court Order.  Subject to Rules . . ., the plaintiff may dismiss an action without a court order by filing:

        (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

        (ii)  a stipulation of dismissal signed by all parties who have appeared.

       (B)  Effect.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  <u>But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.</u> (emphasis added)

      (2)  By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

   Under the "two dismissal rule" set forth in Rule 41(a), a plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the defendant has filed an answer or moved for summary judgment, or by filing a stipulation for dismissal signed by all of the parties who have appeared in the action.  The voluntary dismissal is presumed to be without prejudice unless the notice or stipulation states otherwise.  However, if the same plaintiff voluntarily dismisses a second action involving the same claims, the voluntary dismissal operates as a

1  dismissal on the merits.  See Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076

2  (9th Cir. 1999); see also Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003)

3  (informing pro se prisoner that claims he twice dismissed may be barred under "two dismissal

4  rule").

5          As noted above, plaintiff previously filed two lawsuits against the same

6  defendants asserting the same claims as he presents in the instant action.  In neither of the two

7  prior cases had the defendants filed an answer or a motion for summary judgment before plaintiff

8  filed a request to voluntarily dismiss the action.  In Case No. CIV S-05-1842 LKK PAN, plaintiff

9  filed a request for voluntary dismissal pursuant to Rule 41(a), which the court granted.[2]  In Case

10 No. CIV S-06-2724 GEB EFB, plaintiff filed a notice of dismissal, which resulted in the Clerk of

11 the Court's Office automatically closing the case without an order from the court.  Plaintiff's

12 notice of dismissal in Case No. CIV S-06-2724 GEB EFB operates as an adjudication on the

13

14         [2]  "The two-dismissal rule of Fed. R. Civ. P. 41(a)(1)(B) does not specify what types of
   dismissals may constitute the first dismissal, but merely refers to a plaintiff who 'previously
15 dismissed.'"  Tracy Bateman et al., Two-dismissal rule – Dismissals to which rule applies, 27A
   Federal Procedure § 62:500 (Aug. 2009).  In Case No. CIV S-05-1842 LKK PAN, plaintiff's first
16 action, the court granted plaintiff's request for voluntary dismissal and dismissed plaintiff's case
   by order.  However, the court's order, which only cited Rule 41(a), does not convert plaintiff's
17 request for voluntary dismissal from a request pursuant to Rule 41(a)(1) to a request pursuant to
   Rule 41(a)(2).  As noted above, in plaintiff's first action the defendants had not filed an answer
18 or a motion for summary judgment.  In addition, there was no indication that the defendants had
   an opportunity to respond to plaintiff's request for the voluntary dismissal of that case.  Finally, it
19 does not appear that the court had discretion to deny plaintiff's request or attach terms or
   conditions to it.  See, e.g., Gioia v. Blue Cross Hosp. Serv., Inc., 641 F.2d 540, 543-544 (8th Cir.
20 1981) (totality of circumstances established that plaintiff's dismissal was pursuant to Rule
   41(a)(1) rather than 41(a)(2) even though dismissal was granted by court order); Williams v.
21 Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (where defendants had not filed an answer or motion
   for summary judgment, plaintiffs' 'Motion for Dismissal' was pursuant to Rule 41(a)(1) even
22 though plaintiffs did not cite Rule 41(a)(1) and styled their filing 'Motion for Dismissal' rather
   than 'Notice of Dismissal.'"); Estate of Migliaccio v. Midland Nat'l Life Ins. Co., 436 F. Supp.
23 2d 1095, 1101-03 (C.D. Cal. 2006) (when a motion for dismissal is made prior to service of an
   answer or motion for summary judgment "it is not at all clear that those rules requiring court
24 approval or order for dismissal [such as in class actions and derivative suits] necessarily
   transform a Rule 41(a)(1) notice or stipulation of dismissal into a Rule 41(a)(2) dismissal by
25 court order").  Cf. ASX Investment Corp. v. Newton, 183 F.3d 1265, 1267-68 (11th Cir. 1999)
   (two dismissal rule not implicated where first dismissal is achieved pursuant to Rule 41(a)(2),
26 i.e., pursuant to plaintiff's motion for dismissal filed after defendants filed an answer and a court
   order granting plaintiff's motion without prejudice and without conditions).

1   merits and has the same effect of a dismissal on the merits.  See Fed. R. Civ. P. 41(a)(1)(B);

2   Commercial Space Mgmt. Co., 193 F.3d at 1076 & 1080.  Accordingly,  the doctrine of res

3   judicata bars plaintiff from re-litigating these claims.

4          The court acknowledges plaintiff's argument that he voluntarily dismissed his two

5   previously-filed lawsuits under "extraordinary circumstances."  However, even assuming

6   plaintiff's allegations in this regard to be true, the "two dismissal rule" applies in cases even

7   where the plaintiff's prior dismissals were not for the purpose of harassing or abusing the

8   defendants.  See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp.,

9   933 F.2d 724, 727 (9th Cir. 1991) ("The Rule does not require an inquiry into the circumstances

10   of the two dismissals.").

**CONCLUSION**

12          For the reasons discussed above, IT IS HEREBY ORDERED that:

13          1.  Defendants' June 19, 2009 motion to dismiss (Doc. No. 13) is granted; and

14          2.  This action is closed.

15   DATED: November 17, 2009.

 

 

 

18   DAD:9
hanc0065.57

           *Dale A. Drozd*
                              
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE